2FOIL, J.
In this appeal, a workers’ compensation claimant challenges a judgment dismissing *328 her claims for mental health treatment, penalties, and attorney fees. We affirm.
FACTS AND PROCEDURAL HISTORY
Martha Barrilleaux, a Cypress Bayou Casino employee, slipped and fell on wet pavement in a work-related accident. She obtained medical treatment for chipped teeth, back and knee pain, and a thumb injury. Approximately five months after the accident, Ms. Barrilleaux called Dr. John E. Cobb, her treating orthopedist, with complaints of depression and sought a referral for mental health treatment. Dr. Cobb referred her to Dr. Charles E. Bramlet, Jr., a psychiatrist. After her employer’s workers’ compensation insurer refused to authorize treatment by Dr. Bramlet, Ms. Barrilleaux filed a disputed claim for compensation against her employer, The Chitimacha Tribe of Louisiana d/b/a Cypress Bayou Casino, and the workers’ compensation insurer, Royal and Sunalliance Insurance. After a trial, the workers’ compensation judge dismissed Ms. Barrilleaux’s claim, concluding she failed to prove she was entitled to mental health treatment or to penalties and attorney fees for Royal’s refusal to authorize the treatment. This appeal followed.
DISCUSSION
On appeal, Ms. Barrilleaux contends the workers’ compensation judge erred by refusing to grant her a continuance of the trial of this matter. In a workers’ compensation case, a continuance shall be granted if, at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case. LAC 40:1.6107.
On the day the trial was to commence, almost seven months after Ms. Barril-leaux’s claim was filed, her attorney sought a continuance, contending a psychologist had examined Ms. Barrilleaux only three days earlier and had |3diagnosed her with major depression, but that he, the attorney, did not have adequate time to prepare for the trial after receipt of the psychologist’s report. According to the attorney, Ms. Barrilleaux had diligently attempted to see several mental health professionals since filing her claim, but none would see her because workers’ compensation coverage had not been authorized. The workers’ compensation judge denied Ms. Barril-leaux’s motion, and the matter proceeded to trial.
A workers’ compensation judge is vested with wide discretion in granting or denying a continuance, and his ruling will not be disturbed on appeal in the absence of clear abuse. See Jones v. Blue Cross/Blue Shield of Louisiana, 98-0962 (La.App. 1 Cir. 5/14/99), 740 So.2d 163, 165, writ denied, 99-1728 (La.9/24/99), 747 So.2d 1127. Ms. Barrilleaux had several months to obtain evidence to prove her need for mental health treatment. The workers’ compensation judge held a pretrial conference almost three months before the trial and, at that time, set the date of the trial, as well as deadlines for the exchange of exhibits and for the filing of pretrial motions. Ms. Barrilleaux’s attorney was present at the pretrial conference and, thus, was aware of these dates. If Ms. Barrilleaux was unable to find a mental health professional to see her, she could have moved for a continuance within the three months between the pretrial conference and the trial; in any event, the motion to continue should have been made earlier than on the date the trial was to start. We see no abuse of the workers’ compensation judge’s discretion in refusing to grant the continuance.
*329 Ms. Barrilleaux also contends the workers’ compensation judge erred in denying her motion to reopen the record and submit the report of the psychologist who saw her three days before the trial. For the same reasons the workers’ compensation judge did not abuse his discretion in denying a continuance, he also did not abuse his discretion in denying the post-trial motion to reopen the record.
4 Finally, Ms. Barrilleaux contends the workers’ compensation judge erred in finding the defendants reasonably controverted her claim for mental health treatment and were not liable for penalties and attorney fees. In reasons for judgment, the workers’ compensation judge noted Ms. Barrilleaux had introduced no evidence that she had requested authorization for mental health treatment from her employer or the workers’ compensation insurer. Whether the imposition of penalties and attorney’s fees is warranted is a factual question that will not be disturbed upon review in the absence of manifest error or unless clearly wrong. See Haws v. Professional Sewer Rehabilitation, Inc., 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683, 690-691. The record supports the workers’ compensation judge’s conclusion, and we find no error in his failure to award Ms. Barrilleaux penalties and attorney fees.
CONCLUSION
For the foregoing reasons, the Office of Workers’ Compensation Administration judgment is AFFIRMED. Costs of this appeal are assessed to Ms. Barrilleaux.
AFFIRMED.
MCCLENDON, J., concurs.